UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**MARK A. WOOLLEY,** :
  :
　　　　**Petitioner,** : CIVIL NO. 3:CV-04-1904
  :
　v. : **(Judge Caputo)**
  :
  :
**DONNA ASHBRIDGE,** *et al.,* :
  :
　　　　**Respondents.** :

## M E M O R A N D U M

**I.　Introduction**

Petitioner, Mark Woolley, currently a patient at the State Hospital in Danville, Pennsylvania, commenced a *pro se* civil rights action (Civil Action No. 3:03-CV-1031) pursuant to the provisions of 42 U.S.C. § 1983, which the Court summarily dismissed on screening. Petitioner filed an appeal of the dismissal, and while the appeal was pending, he filed a petition for writ of habeas corpus, which was erroneously docketed in the civil rights case. Subsequently, the error was discovered, and this Court issued an Order (Civil Action No. 3:03-CV-1031, Doc. 31) directing the Clerk of Court to strike the petition from the civil rights action and open a new habeas corpus case to a new docket number. Pursuant to that Order, the Clerk of Court opened the instant action as a petition for writ of habeas corpus; since Petitioner is challenging his continued detention pursuant to an order of a state court, it was opened as a habeas petition filed pursuant to the provisions of 28 U.S.C. § 2254. Respondents are the Commonwealth of Pennsylvania, the Pennsylvania Department of Welfare, and three individuals: Donna Ashbridge, Pat Paquara, and Robert Bruenes. The Court issued a show cause order, Respondents filed an answer to the

petition with Exhibits (Doc. 25), and the answer was not traversed.  The matter is ripe for disposition.  For the following reasons, the petition will be denied.

**II.    Background**

The following allegations, set forth in Respondents' answer to the habeas petition, are accepted by the Court as true.[1]  Petitioner is currently involuntarily held at Danville State Hospital ("Danville") pursuant to a civil commitment Order obtained in proceedings under Pennsylvania's Mental Health Procedures Act ("MHPA"), 50 Pa.C.S. § 7301, *et seq.* (Doc. 25, Ex. A at 1, ¶ 1.)  His current treatment at Danville began after he displayed aggressive behavior while a patient at Clarion Psychiatric Center, and he was taken into custody pursuant to a petition filed under § 304 (c) (50 Pa.C.S. § 7304(c)) of the MHPA.  Petitioner has been hospitalized several times in the past, including stays in Pennsylvania at Clarion Psychiatric Center, The Meadows, and Warren State Hospital, as well as hospitalization in Ohio, Kansas, Colorado, and California.  (*Id.*, ¶ 3.)  He has been diagnosed as having schizophrenia, paranoid type; continuous polysubstance abuse; personality disorder; hyperlipidemia; chronic headache; chronic mental illness; and "lack of insight."  (*Id.* at 4, ¶ 7.)

Petitioner is seeking his immediate release from Danville, claiming ineffective assistance of counsel and denial of due process.  Specifically, he raises the following issues:

[1.]    Does Petitioner's confinement in Danville State Hospital remain an (sic)

---

[1]Under 28 U.S.C. § 2248, "[t]he allegations of . . . an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."

2

>   unconstitutional in violation of [his] 14th amend (sic) rights;
>
> 2. Was petitioner afforded ineffective assistance of counsel;
>
> 3. Does Petitioner's continual incarceration remain a violation of [his] 14th amend (sic) substantive due process rights;
>
> [5.] Does Petitioner's continual confinement remain in violation of [his] 14th amend (sic) substantive due process;
>
> [6.] Does Petitioner's unconstitutional confinement remain a violation of [his] 14th amend (sic) due process;
>
> 7. Is Petitioner's unconstitutional confinement remain in violation of [his] 14th amend (sic) equal protection of the laws.

(Doc. 1 at 4-5.)

## III. Discussion

### A. Scope of Review

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted on April 24, 1996, revised the standard of review for cases challenging state court judgments pursuant to 28 U.S.C. § 2254. *Dickerson v. Vaughn*, 90 F.3d 87, 89 (3d Cir. 1996) (citing Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, Title I, sec. 104, 110 Stat. 1214 (1996)). Section 2254(d), as amended, states as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
>   (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

3

> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in
> the State court proceeding.

28 U.S.C. § 2254(d).

The "contrary to" provision contained in § (d)(1) is evaluated as follows:

> [T]he inquiry must be whether the Supreme Court has
> established a rule that determines the outcome of the petition.
> Accordingly, we adopt *O'Brien's* holding that "to obtain relief at
> this stage, a habeas petitioner must show that Supreme Court
> precedent requires an outcome contrary to that reached by the
> relevant state court." In other words, it is not sufficient for the
> petitioner to show merely that his interpretation of Supreme
> Court precedent is more plausible than the state court's; rather,
> the petitioner must demonstrate that Supreme Court precedent
> requires the contrary outcome.

*Matteo v. Superintendent, SCI -Albion*, 171 F.3d 877, 888 (3d Cir. 1999) (quoting *O'Brien v. Dubois*, 145 F.3d 16, 24-25 (1st Cir. 1998)). The appropriate standard for the "unreasonable application" clause is

> whether the state court's application of Supreme Court
> precedent was objectively reasonable. The federal habeas
> court should not grant the petition unless the state court
> decision, evaluated objectively and on the merits, resulted in an
> outcome that *cannot reasonably be justified under existing
> Supreme Court precedent.* . . . [T]he primary significance of the
> phrase "as determined by the Supreme Court of the United
> States" is that federal courts may not grant habeas corpus relief
> based on the state court's failure to adhere to the precedent of a
> lower federal court on an issue that the Supreme Court has not
> addressed. Thus, in certain cases it may be appropriate to
> consider the decisions of inferior federal courts as helpful
> amplifications of Supreme Court precedent.

*Matteo*, 171 F.3d at 889-90 (emphasis added).

Section 2254(e)(1) contains the presumption of correctness provision that greatly heightens the degree of deference paid to a state court's findings of fact. The burden is on

4

the Petitioner to rebut the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Ultimately, after application of the standards set forth above to the issues set forth in the petition, it cannot be said that the state courts have come to an improper conclusion.

### B. Pennsylvania's Mental Health Procedures Act

Under the MHPA, "whenever a person is severely mentally disabled and in need of immediate treatment, he may be subject to involuntary emergency examination and treatment." 50 Pa.C.S. § 7301(a). Under the MPHA, a person is mentally disabled when, as a result of mental illness, "his capacity to exercise self-control, judgment and discretion in the conduct of his affairs and social relations or to care for his own personal needs is so lessened that he poses a clear and present danger of harm to others or to himself." *Id.* Upon personal observation of conduct constituting reasonable grounds to believe that a person is severely mentally disabled and in need of immediate treatment, any physician, peace officer, or anyone authorized by the county administrator may take such person to an approved facility for an emergency examination without first obtaining an arrest warrant. *Id.* at § 7302(a)(2). Upon arrival, the witness shall make a written statement setting forth the grounds for believing the person to be in need of such examination. *Id.*

An emergency detention cannot exceed 120 hours in duration. *Id.* at § 7302(d). A person subjected to an emergency detention may be held beyond this period if the facility holding the person files an application with the court of common pleas to extend the period of involuntary detention. *Id.* at § 7303(a). If the facility files such an application, the detained person shall be afforded the benefit of counsel. *Id.* at § 7303(b). A judge or a mental health review officer will hold an informal hearing to determine whether the person's

condition is such that an additional period of involuntary commitment is required. *Id.* at § 7303(c). That hearing must take place within twenty-four hours after the filing of the application for extended detention. *Id.* at § 7303(b). If the judge or mental health review officer determines that extended detention is warranted, he may order an additional period of twenty days involuntary inpatient treatment. *Id.* at § 7303(h). If continued detention is ordered by a mental health review officer, rather than a judge, the person subject to the extended detention may petition the court of common pleas for the county in which he is located to review the findings of the mental health review officer. *Id.* at § 7303(g).

The county administrator or the director of the facility in which the person is being treated may apply to have the person detained an additional ninety (90) days by filing a petition with the court of common pleas. *Id.* at § 7304(b). The petition must be in writing, and the petitioner must serve a copy on the detainee or his attorney. *Id.* at § 7304(b)(2). Within five (5) days of the filing of such petition, a judge or a mental health review officer must conduct a hearing to determine if continued detention is required. *Id.* at § 7304(e)(6). At such a hearing, the involuntary patient has the right to be represented by counsel, to refuse to testify, to cross-examine all witnesses, and to present evidence on his own behalf. *Id.* at § 7304(e). If, at the conclusion of the hearing, the judge or the mental health review officer determines that continued detention is warranted based on the fact that the detainee is still mentally disabled, the presiding officer may order continued inpatient treatment for a period not exceeding ninety (90) days. *Id.* at § 7304(g). Upon petition by the county administrator or the director of the facility in which the detainee is being treated, the court of common pleas may order additional 180 day periods of involuntary treatment upon a finding, by a judge or a mental health review officer, that the detainee is still mentally

disabled.  *Id.* at § 7305(a).  The hearing on such a petition is identical to that for a ninety day period of involuntary commitment.  *Id.* at § 7305(b); *see also* § 7304.

### C.  Petitioner's Commitment

As previously stated, Petitioner claims that his continued detention violates his Fourteenth Amendment rights to due process and he was denied effective assistance of counsel.

### i.  Due Process Claim

There are two types of due process claims under the Fourteenth Amendment: procedural and substantive.[2]  To state a valid procedural due process claim, Petitioner must establish state sponsored deprivation of a protected interest in life, liberty, or property.  *See Zinermon v. Burch*, 494 U.S. 113, 125 (1990).  If such an interest has been, or will be deprived, procedural due process requires that the governmental unit provide the individual with notice and a reasonable opportunity to be heard.  *Midnight Sessions, Ltd. v. City of Philkadelphia*, 945 F.2d 667, 680 (3d Cir. 1991)(quoting *Cleveland Bd. Of Educ. V. Loudermill*, 470 U.S. 532, 542 (1985)).

In this case, Petitioner has clearly been denied an interest in his liberty as he is currently being detained against his will.  *See Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) ("Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action.")  However, this does not end the

---

[2]Both procedural and substantive due process rights are derived from the Due Process Clause of the Fourteenth Amendment of the United States Constitution.  In relevant part, the Fourteenth Amendment states that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ."  U.S. Const. Amend. XIV.

7

analysis.  As stated above, no procedural due process violation stands if the governmental unit provides the individual with notice and a reasonable opportunity to be heard.  *See Midnight Sessions*, 945 F.2d at 680.  Petitioner does not set forth any evidence of such deprivation in the record, and the Court is unable to locate any support for Petitioner's assertions.

Petitioner is challenging his continued detention pursuant to a hearing under Section 305 of the MPHA.  Upon petition by the county administrator or the director of the facility in which the detainee is being treated, the court of common pleas may order additional 180 day periods of involuntary treatment upon a finding, by a judge or a mental health review officer, that the detainee is still mentally disabled.  *Id.* at § 7305(a).  The hearing on such a petition is identical to that for a ninety day period of involuntary commitment.  *Id.* at § 7305(b); *see also* § 7304.  The petition must be in writing, and the petitioner must serve a copy on the detainee or his attorney.  *Id.* at § 7304(b)(2).  Within five (5) days of the filing of such petition, a judge or a mental health review officer must conduct a hearing to determine if continued detention is required.  *Id.* at § 7304(e)(6).  At such a hearing, the involuntary patient has the right to be represented by counsel, to refuse to testify, to cross-examine all witnesses, and to present evidence on his own behalf.  *Id.* at § 7304(e).  If, at the conclusion of the hearing, the judge or the mental health review officer determines that continued detention is warranted based on the fact that the detainee is still mentally disabled, the presiding officer may order continued inpatient treatment for a period not exceeding 180 days.  *Id.* at § 7304(g).

A review of the record supports a conclusion that Petitioner received the procedure outlined in the statute.  Petitioner had judicial review and approval of detention for

progressively extended periods (Doc 25, Exs. B-D), and in his challenged commitment he was given notice of intent to file a petition under section 305 for extended involuntary commitment of up to 180 days, signed by a mental health worker (Doc. 1-2).  The petition indicates that Woolley was examined by Dr. H. DeAntonio, M.D. and was found to be in need of treatment.  The petition states that Wooley "sometimes says he is talking to 'invisible friends,' he believes he is a lawyer, . . . [he] does not display insight regarding his illness and need for psychiatric treatment, and at present requires continued inpatient treatment." (*Id.* at 5.)

Woolley's pleadings do not lend support to his claims.  They are generally disjointed and barely legible, and they are typically comprised of a broad spectrum of rambling, disjointed, and unrelated discourses. Although the Petitioner raises some potentially valid habeas issues, nothing in the record supports a conclusion that the state court decision was contrary to clearly established federal law or based upon an unreasonable application of the facts of the case.  Therefore, Petitioner has not met his burden on the due process claim, and the claim will be denied.

### ii. Ineffective Assistance of Counsel

Petitioner also claims that he received ineffective assistance of counsel.  The controlling United States Supreme Court case on the issue of ineffective assistance of counsel is *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).  The *Strickland* Court determined that the proper standard for attorney performance is that of reasonably effective assistance.  *Id.* at 687.  Under this first prong,

> [j]udicial scrutiny of counsel's performance must be highly deferential.  It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse

>     sentence, and it is all too easy for a court, examining counsel's
>     defense after it has proved unsuccessful, to conclude that a
>     particular act or omission of counsel was unreasonable.

*Id.* at 689 (citations omitted).  As for the second prong, the defendant must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Id.* at 687-88, 694.  Ultimately, Petitioner cites nothing in the record, nor has the Court seen any evidence in the record, to support Petitioner's bare assertion of inefective assistance of counsel.  He does not reference any decisions, strategies, or omissions that resulted in any adverse impact on the case.  Therefore, Petitioner's ineffective assistance claim will be denied as well.  An appropriate Order follows.

Dated: January 3, 2006　　　　　　　　　　　　　/s/ A. Richard Caputo
　　　　　　　　　　　　　　　　　　　　　　　A. RICHARD CAPUTO
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARK A. WOOLLEY,** : | |
| : | |
| Petitioner, : | **CIVIL NO. 3:CV-04-1904** |
| : | |
| v. : | **(Judge Caputo)** |
| : | |
| **DONNA ASHBRIDGE,** *et al.,* : | |
| : | |
| Respondents. : | |

## O R D E R

**AND NOW, THIS 3rd DAY OF JANUARY, 2006,** in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus (Doc. 1) is **DENIED**.

2. The Clerk of Court is directed to mark this case closed.

3. Based upon the Court's conclusion herein, there is no basis for the issuance of a certificate of appealability.

4. Petitioner's motions for summary judgment (Docs. 22 and 31) are **DENIED** for failure to contain an statement of undisputed facts as required by M.D.Pa.L.R. 56.1.

        /s/ A. Richard Caputo
        A. RICHARD CAPUTO
        United States District Judge